IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAMONT D. SHOLAR,

                                       OPINION AND ORDER

             Plaintiff,

                                       21-cv-183-bbc

    v.

LARRY FUCHS, LUCAS WEBER,
CINDY BUCHANAN, RENEE SCHUELER,
ANGELA HODGE, BRIAN GUSTKE,
SALAM SYED, JUSTIN RIBAULT,
TRISH ANDERSON, TERESA GAIER,
TERESA BENYO, MELISSA BLOCK,
H. LODEN, D. PAUL, LORI DOEHLING,
K. ZENK, LINDA ASLUM-O'DONOVAN,
MICHAEL GLASS, B. HOMPE AND CINDY O'DONNELL,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Lamont Sholar, who is incarcerated at Columbia Correctional Institution, has filed a proposed complaint under 42 U.S.C. § 1983, alleging that 20 different prison staff and administrators violated his rights under the Eighth Amendment by not authorizing or refusing to allow him to have orthotic footwear prescribed for his foot conditions and failing to treat his lower back and hip pain and sciatica. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Also before the court is plaintiff's motion for court assistance in recruiting counsel to represent him. Dkt. #2.

      For the reasons set out below, I will dismiss plaintiff's complaint because it violates the Federal Rules of Civil Procedure 8 and 20. However, I will give plaintiff an opportunity

1

to file a complaint that complies with these rules. Plaintiff's motion for court assistance in recruiting counsel will be denied without prejudice. He may renew that motion if he is allowed to proceed on any of his claims.

OPINION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994). Plaintiff's 81-page complaint is excessively long, confusing and rambling. He alleges many facts, cites numerous court cases, contains several pages of legal argument and asserts claims against more than 20 defendants for violations of his rights under the Eighth Amendment. As a result, the opposing parties would not be able to understand the claims against them. To answer plaintiff's allegations, defendants would have to sift through plaintiff's allegations and guess which claims plaintiff was asserting against which named defendant.

Plaintiff seems to be contending that prison staff refused to provide him the medically prescribed orthotic footwear he claims to need for problems he has with his feet. Although he names individuals as defendants in the caption of his complaint and the first section of his complaint, in many instances, he fails to identify which medical providers, correctional

officers or administrative staff members actually took the actions that he says harmed him. Because claims under § 1983 must be based on a defendant's personal involvement in the alleged constitutional violation, Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995), plaintiff must identify each individual defendant he wishes to sue and explain what that defendant allegedly did to violate plaintiff's rights.

Plaintiff has another major problem with his complaint. He appears to assert multiple claims against prison staff for unrelated actions, with the result that it is not possible to tell precisely which defendant is responsible for each alleged constitutional violation. As a result, his allegations almost certainly violate Federal Rule of Civil Procedure 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For example, it is highly unlikely that the staff members failing to provide plaintiff adequate medical care for his back, hip and leg pain are the same persons who are refusing to deliver his specially-ordered shoes. Although plaintiff says that the denial of shoes by certain defendants led to foot pain that in turn led to problems with his back, hips and leg, he has not explained the connection among the different problems. Further, including plaintiff's shoe claims in the same complaint as his medical care claims would be unwieldy. Lee v. Cook County, Ill., 635 F.3d 969, 971 (7th Cir. 2011) (court may sever claims under Fed.

R. Civ. P. 21 when differences between the claims predominate over common questions).

Because plaintiff's complaint does not comply with Rule 8 and Rule 20, I will dismiss it in its entirety. However, I will give plaintiff a chance to file an amended complaint in which he sets out his claims against each defendant in short and plain statements.

Because it is likely that plaintiff's claims regrading his various medical conditions would violate Rule 20 even after he identifies which defendant took each action that harmed him, he might find it useful to amend his complaint by starting with the single constitutional violation he thinks is the most important, consider which defendants are responsible for that violation and limit his allegations in his amended complaint to claims related to that problem. For example, it appears that plaintiff is most concerned about the delays in receiving his orthotic shoes. If plaintiff's other claims are made against the same defendants as his main claim regarding shoes, he can add those to the amended complaint under Rule 20. However, if his other claims are against different defendants, they should not be included in his amended complaint. Should plaintiff fail to submit a proposed amended complaint by the deadline set in the order below, I will direct the clerk of court to enter judgment dismissing the case.

In filing his amended complaint, plaintiff should do the following:

(1) <u>Shorten and simplify the complaint.</u> Plaintiff's complaint is too long and unorganized. Because it is so long and rambling, it is difficult to tell which claims are being asserted against which defendants and which allegations support the specific claims plaintiff is asserting. There is no reason for plaintiff's complaint to be 81 pages long or for it to

contain the amount of details and legal argument that it does. In drafting an amended complaint, plaintiff should include enough facts to tell his story, but should try to be succinct and avoid unnecessary background information, details and legal jargon.

Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. For example, in discussing the refusal to provide him his orthotic footwear, he should identify what special footwear he ordered, when he ordered it, who failed to authorize or deliver the footwear, when and for how long the footwear was denied, what reasons were given for the denial, and when, if ever, he received the prescribed footwear.

(2) <u>Match specific claims to specific defendants.</u> Plaintiff seems to be alleging that his special shoes were prescribed as early as October 2016 and again in March 2017 but the shoes were not authorized by medical staff and released by the corrections officers for several years. However, he does not identify clearly which defendants are being sued for which act or failure to act that led to the denial of his shoes.

(3) <u>Limit the complaint to a single transaction and occurrence or a series of related transactions and occurrences.</u> As explained above, plaintiff cannot sue multiple defendants for unrelated actions. Plaintiff's allegations range from the denial of orthotic footwear to a failure to provide adequate medical care for his lower back and hip pain. There are no allegations in plaintiff's complaint to suggest that these claims are part of a single transaction

5

or series of related transactions or occurrences. Therefore, in drafting an amended complaint, plaintiff should focus his allegations on one transaction or series of related transactions and occurrences.

(4) <u>Name only those defendants who were personally involved in the alleged conduct</u>. A defendant cannot be held liable for a constitutional violation unless he or she was personally involved in causing plaintiff harm. <u>Kuhn v. Goodlow</u>, 678 F.3d 552, 555-56 (7th Cir. 2012). Plaintiff names several individuals whom he says reviewed and denied his inmate grievances or appeals. However, plaintiff should keep in mind that a ruling against plaintiff on his inmate complaint or grievance about a past action does not in itself qualify as personal involvement in a constitutional violation and is not enough to state a claim. <u>McGee v. Adams</u>, 721 F.3d 474, 485 (7th Cir. 2013); <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). It also is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation. <u>Burks v. Raemisch</u>, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Plaintiff may have until July 13, 2021, to submit a proposed amended complaint that corrects the problems identified in this order. If plaintiff fails to submit a proposed amended complaint by that date, I will direct the clerk of court to dismiss the case.

ORDER

IT IS ORDERED that

1. Plaintiff Lamont Sholar's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until July 13, 2021 to submit a proposed amended complaint. If plaintiff fails to submit a proposed amended complaint by July 13, 2021, the clerk of court will enter judgment dismissing this case.

2. Plaintiff's motion for court assistance in recruiting counsel, dkt. #2, is DENIED without prejudice.

Entered this 21st day of June, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge